# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-440V
Filed: July 13, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| SHERIDAN ANDERSON, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Attorneys' Fees and |
| | * | Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Lisa Roquemore, Esq.*, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
*Mark Hellie, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On April 15, 2020, Sheridan Anderson ("Mr. Anderson" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges he suffered Transverse Myelitis ("TM") as a result of receiving an influenza vaccine ("flu vaccine") on August 29, 2017. Petition, ECF No. 1. On July 6, 2021, the undersigned issued a Decision incorporating therein the Stipulation submitted by the parties for resolution of the matter. ECF No. 38.

On August 30, 2021, petitioner filed his First Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 43. Respondent filed a response on September 13, 2021 providing no objection

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

to petitioner's rates and costs and "respectfully request[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response, ECF No. 44.

Petitioner requests a total amount of $59,238.10 in attorneys' fees, and a total amount of $986.21 in attorneys' costs. Further, he submits for reimbursement of Dr. Steinman's expert fees and costs in the amount of $16,830.00, comprised of $2,000.00 paid by petitioner and $14,830.00 due and owing. In accordance with General Order No. 9, petitioner's counsel represents that petitioner incurred $2,692.53 in out-of-pocket expenses for filing, expert costs, and other costs. ECF No. 43. The total amount sought is **$77,746.84.**

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A. Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum

jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner requests the following hourly rates for her counsel, Ms. Lisa Roquemore: $409 for work in 2018, $421 for work in 2019 and 2020, and $447 for work in 2021. Petitioner requests the following hourly rates for her counsel's paralegals: $138 for work in 2018 and $139 for work in 2019 through 2021. The rates requested for Ms. Roquemore and her paralegal are consistent with what they have previously been awarded for their Vaccine Program work. *See e.g., Grow v. Sec'y of Health & Hum. Servs.*, No. 16-013V, 2021 WL 1972427 (Fed. Cl. Spec. Mstr. Apr. 16, 2021) (awarding Ms. Roquemore $409 per hour in 2018 and $421 per hour in 2019 and 2020); *Stefano v. Sec'y of Health & Hum. Servs.*, No. 19-898V, 2021 WL 1186511 (Fed. Cl. Spec. Mstr. Feb. 24, 2021) (implicitly awarding Ms. Roquemore a rate of $447 per hour for 2021); *D.G. v. Sec'y of Health & Hum. Servs.*, No. 11-577V, 2020 WL 3265015 (Fed. Cl. Spec. Mstr. May 22, 2020) (awarding Ms. Roquemore's paralegal hourly rates of $138 for work in 2018 and $139 for work in 2019). Based on the foregoing, I find the requested rates for petitioner's counsel and her paralegals to be reasonable.

**B.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed.

---

[3] The 2015-2022 Fee Schedules can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Sers.*, No. 09-923V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that the billing entries adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. **Accordingly, petitioner is entitled to final attorneys' fees of $59,238.10.**

C.     **Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of **$986.21** in costs for his attorney, **$14,830.00** for work performed by Dr. Lawrence Steinman, and **$2,692.53** for costs he incurred personally for filing fees in the amount of $400.00, a retainer for Dr. Steinman in the amount of $2,000.00, and litigation expenses in the amount of $292.53.

   i.     **Expert Fees and Costs**

Petitioner requests **$14,830.00** for work performed by Dr. Lawrence Steinman, representing 30.6 hours of work billed at an hourly rate of $550.00. Dr. Steinman's total bill was $16,830.00, and petitioner paid a $2,000.00 retainer, leaving $14,830.00 due to Dr. Steinman. *See* ECF. No. 43-9.

Therefore, Dr. Steinman is entitled to final expert fees in the amount of **$14,830.00.**

   ii.     **Total Reasonable Costs**

I have reviewed all the other requested costs, including petitioner's out-of-pocket costs, and find them reasonable and supported with adequate documentation. Petitioner submits for reimbursement to his counsel, Ms. Roquemore, in the amount of **$986.21** and reimbursement of Dr. Steinman's expert fees and costs in the amount of **$14,830.00.** Further, in accordance with General Order No. 9, petitioner's counsel represents that petitioner incurred **$2,692.53** in out-of-pocket expenses for filing, expert costs, and reimbursements. ECF No. 43.

**Accordingly, petitioner is entitled to $18,508.74 in total costs,** representing $986.21 for Ms. Roquemore, $14,830.00 for Dr. Steinman, and $2,692.53 for petitioner's out-of-pocket costs**.**

### III. Total Award Summary

Based on the foregoing, the undersigned **awards a total of $77,746.84**, as specified below:

**A sum of $75,054.31**,[4] representing reimbursement for attorneys' fees in the amount of $59,238.10 and costs in the amount of $15,816.21, representing $14,830.00 for Dr. Steinman and $986.21 for attorneys' costs. A lump sum payment for $75,054.31 shall be made in the form of a check made payable jointly to petitioner, Sheridan Anderson, and petitioner's counsel, Lisa Roquemore, Esq.

**A sum of $2,692.53**, representing petitioner's out-of-pocket costs. A lump sum payment shall be made in the form of a check made payable to petitioner, Sheridan Anderson.

The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs*., 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.